UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tri-Marketing, Inc., a
Minnesota corporation,

        Plaintiff,

v.

Mainstream Marketing Services, Inc.,
d/b/a Bolder Calls, a Colorado corporation;
George V. Weese, an individual; and
Karyn F. Weese, an individual,

        Defendants,

Civil No. 09-13 (DWF/RLE)

**MEMORANDUM
OPINION AND ORDER**

_____

Mark G. Ohnstad, Esq., and Natalie R. Walz, Esq., Thomsen & Nybeck, PA, counsel for Plaintiff.

John F. Hensley, Esq., Hensley & Kennedy, PC; Kirstin M. Jahn, Esq., Jahn & Associates, LLC; and Thomas E. McEllistrem, Esq., Collins Buckley Sauntry & Haugh, counsel for Defendants.

_____

**INTRODUCTION**

This matter is before the Court pursuant to a Motion to Dismiss brought by Defendants Mainstream Marketing Services, Inc., d/b/a Bolder Calls ("Bolder Calls"), George Weese, and Karyn Weese (collectively, "Defendants"). For the reasons stated below, Defendants' motion is denied.

**BACKGROUND**

Plaintiff TRI-Marketing, Inc. ("TRI") is a Minnesota corporation engaged in the business of telemarketing and generating leads for the insurance industry. (Am. Compl.

¶ 7.)  Bolder Calls is a Colorado corporation that also provides telemarketing services, including generating leads for the insurance industry.  (Am. Compl. ¶ 18.)  George Weese is the President and Karyn Weese is the Vice President of Bolder Calls.  (Am. Compl. ¶¶ 3, 4.)

TRI operates a website that provides information about its business and allows for the purchase of its services.  TRI updated its website in both 2004 and 2007.  On April 3, 2008, TRI sought copyright registration for both the 2004 and 2007 websites by delivering a deposit of both websites, two corresponding Form TX applications, and two $45 fees to the Copyright Office.  (Am. Compl. ¶¶ 11, 16.)  Bolder Calls updated its website in November 2005 and again in December 2007.  According to TRI, Bolder Calls copied elements of TRI's 2004 and 2007 websites.  TRI notified Bolder Calls of its alleged infringement on February 19, 2008.

Defendants now move to dismiss this action on the grounds that the Court lacks subject matter jurisdiction over TRI's copyright infringement claims.[1]

## DISCUSSION

**I.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) is the proper vehicle with which to seek dismissal of a claim for lack of federal subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction may challenge a

---

[1]     TRI also asserts a claim for defamation.  Defendants contend that this claim should be dismissed if the Court dismisses TRI's federal claims.  Defendants also moved to dismiss this claim for lack of specificity.  TRI has since filed an Amended Complaint.  In their reply, Defendants acknowledge that TRI's Amended Complaint addresses the alleged pleading deficiencies.

2

plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). When a defendant brings a facial challenge—a challenge that, even if truthful, the facts alleged in a claim are insufficient to establish jurisdiction—a court reviews the pleadings alone, and the non-moving party receives the same protections as it would defending against a motion under Rule 12(b)(6). *Id.*

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative

level." *Id.* at 1964-65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

## II. Copyright Infringement

Jurisdiction over copyright infringement claims is governed by the Copyright Act. *See* 17 U.S.C. § 411(a); *see also Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1013 (8th Cir. 2006). The Copyright Act provides that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Section 411(a) further provides:

> In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

The Copyright Act also provides that the effective date of registration is "the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d). The language of the Copyright Act does not, however, indicate whether the "effective date" of registration is effective upon filing or if it is effective only once the filer has the copyright certification, or denial, in hand. *See Int'l Kitchen Exhaust Cleaning Assoc. v. Power Washers of N. Am.*, 81 F. Supp. 2d 70, 72 (D.D.C. 2000).

The issue before the Court is whether TRI has met the jurisdictional requirements of § 411(a). There is no dispute that TRI does not hold a certificate of registration for its

4

alleged copyrights. Defendants assert that because TRI lacks a certificate of registration, TRI has failed to allege an element required for subject matter jurisdiction under § 411(a). TRI argues that the jurisdictional requirements have been met because it delivered a deposit, application, and the fee to the Copyright Office for each asserted copyright.

Courts have taken two approaches on the issue of jurisdiction in a case where a party files a copyright infringement action after it has duly submitted all of the necessary application materials to the Copyright Office but before the office has either issued a certificate or denied the issuance of a certificate. The "narrow approach" takes the view that a certificate of registration is a jurisdictional prerequisite. *See, e.g.*, *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1205 (10th Cir. 2005) ("[W]e reject the proposition that § 411 confers federal jurisdiction for an infringement action upon mere submission of a copyright application to the Copyright Office."); *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1532 (11th Cir. 1994) ("Copyright registration is a pre-requisite to the institution of a copyright infringement lawsuit."); *Strategy Source, Inc. v. Lee*, 233 F. Supp. 2d 1, 3 (D.D.C. 2002); *Stanislawski v. Jordan*, 337 F. Supp. 2d 1103, 1110 (E.D. Wis. 2004); *U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 169-70 (S.D.N.Y. 2001). The "broad approach" or "application approach" takes the view that fully complying with the application requirements for registration satisfies subject matter jurisdiction requirements. *See, e.g.*, *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984) ("In order to bring suit for copyright infringement . . . [o]ne need only prove payment of the required

fee, deposit of the work in question, and receipt by the Copyright Office of the registration application."); *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002) ("A copyright holder may commence an action for infringement as soon as the Copyright Office has received a proper application, fee and deposit."); *Int'l Kitchen Exhaust Cleaning Assoc.*, 81 F. Supp. 2d at 72 ("To best effectuate the interests of justice and promote judicial economy, the court endorses the position that a plaintiff may sue once the Copyright Office receives the plaintiff's application, work, and filing fee."); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a] (2008).

TRI asserts that the Eighth Circuit follows the "application" approach. In support, TRI argues that in *Action Tapes, Inc. v. Mattson*, the Eighth Circuit "squarely addresses" the jurisdictional issue before this Court. Specifically, TRI relies on the following language from *Action Tapes*: "However, the copyright owner may not sue for infringement under the federal Copyright Act until the owner has delivered 'the deposit, application, and fee required for registration' to the United States Copyright Office, a branch of the Library of Congress." *Action Tapes*, 462 F.3d at 1013 (*citing* 17 U.S.C. § 411(a)). While the language in *Action Tapes* appears to support TRI's position in this case, the Eighth Circuit in *Action Tapes* was not presented with the precise jurisdictional issue before this Court, specifically whether complying with copyright application

requirements satisfies the jurisdictional requirements under § 411(a).[2]  Accordingly, the language relied on by TRI is persuasive but not binding on this Court.

  Defendants, on the other hand, rely on certain district court cases to support the proposition that this Court should require proof of actual registration as a jurisdictional requirement.  *See, e.g.*, *Proulx v. Hennepin Tech. Centers District No. 287*, 1981 WL 1397, at *4 (D. Minn. Dec. 7, 1981) (holding that plaintiff could not claim jurisdiction because no certificate of registration had been issued and the plaintiff's application was not in proper form and "refused" within the meaning of § 411(a)); *Denenberg v. Berman*, 64 U.S.P.Q.2d 1054, 1055-57 (D. Neb. 2002) (noting the two jurisdictional approaches under § 411(a) and requiring registration).  While these cases have some persuasive value, neither *Proulx* nor *Denenberg* are binding on this Court.

  The Court recognizes the split of authority on this issue and notes that it is aware of no Eighth Circuit case directly on point.  After reviewing the relevant and persuasive case law and the reasons supporting the two separate approaches, this Court endorses the "application approach" to federal jurisdiction over copyright claims.  First, the language used in *Action Tapes* by the Eighth Circuit suggests that it would adopt the application approach.  *See Action Tapes*, 462 F.2d at 1013 ("However, the copyright owner may not sue for infringement under the federal Copyright Act until the owner has delivered 'the deposit, application, and fee required for registration . . . '").  Second, the application

---

[2] In *Action Tapes*, the Eighth Circuit determined that § 411(a) barred the plaintiff's claims for additional protection for certain computer software copyrights because the plaintiff failed to prove it properly applied for registration of the computer program copyrights and deposited the required source codes before initiating its lawsuit.  *Action Tapes*, 462 F.3d at 1012-13.

approach promotes the interests of justice and judicial economy.  *See, e.g.*, *Int'l Kitchen Exhaust Cleaning Assoc.*, 81 F. Supp. 2d at 72.  Because TRI alleges that it has properly delivered the deposit, application, and fee required for the registration of the asserted copyrights, the court finds that it has subject matter jurisdiction over TRI's copyright claims.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 9) is **DENIED**.


Dated:  May 19, 2009                              s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  Judge of United States District Court